T.C. Memo. 1997-106


UNITED STATES TAX COURT


NATHANIEL L. WARD, SR., AND IRENE E. WARD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 2167-95, 19590-95.          Filed March 3, 1997.


Nathaniel L. Ward, Sr., and Irene E. Ward, pro se.

<u>William Henck</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Respondent, by means of two separate notices of deficiency, determined deficiencies in petitioners' Federal income tax and an accuracy-related penalty as follows:

|  | | Penalty |
| Year | Deficiency | Sec. 6662(a) |
| 1991 | $11,344 | --- |
| 1992 | 15,419 | $3,151 |
| 1993 | 13,349 | 2,762 |

After considering the parties' concessions,[1] the following issues remain for our consideration: (1) Whether petitioners are entitled to various deductions claimed on the Schedule F (farming) for the years 1991, 1992, and 1993; (2) whether petitioners are entitled to employee business expenses in excess of $243.62 and $771.92 conceded by respondent for 1992 and 1993, respectively; (3) whether petitioners are entitled to contribution deductions in excess of the amounts conceded by respondent; and (4) whether petitioners are liable for the accuracy-related penalty attributable to negligence under section 6662(a)[2] for 1992 and 1993.

## FINDINGS OF FACT[3]

Petitioners were married and resided at Snow Hill, Maryland, at the dates their petitions were filed in these cases, which have been consolidated for purposes of trial and opinion. During

---

[1] Petitioners conceded that they omitted interest income and a State tax refund, but stated that those omissions were not intentional. Respondent conceded certain deduction items after petitioners provided documentation. The documentation is part of the trial record.

[2] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the taxable years at issue, and Rule references are to this Court's Rules of Practice and Procedure.

[3] The parties' stipulated facts and exhibits are incorporated by this reference.

the years 1991, 1992, and 1993, petitioners were school teachers, and they filed joint Federal income tax returns. Petitioners, during 1991 and 1992, used a residence in Snow Hill that was situated on a 36-acre farm which they acquired during 1972. Petitioners' plan was to convert the farm from annual crops to trees. During the years in question, 18 acres of the farm were leased to a farmer for an annual rent of $820. Seven acres had been cultivated with pine trees, and four additional acres were cleared for the future planting of trees. The remainder of the land was not specifically accounted for at trial but was where the residence was located.

Nathaniel L. Ward, Sr. (petitioner), was a science teacher, and he taught about 150 miles from the Snow Hill residence. He maintained an apartment in the community where he taught. During the years in question, petitioner made about three weekly round trips from the location where he taught to the Snow Hill residence, where his family generally resided. Petitioner occasionally did some work at the farm tending to the trees and performing general maintenance to the farm property.

Petitioners, on their Schedule F, reported income of $820 from rent each year and claimed expenses which would have resulted in losses from farming of $30,340, $52,400, and $48,273 for 1991, 1992, and 1993, respectively, after considering the $820 from rent. Respondent disallowed the claimed losses for lack of substantiation for all 3 years and for lack of a profit

motive for 1992 and 1993.  Petitioner did not have any knowledge of the value of timber in place or whether his claimed losses had any relevance to the amount of gain he might have earned from their harvest.  Petitioner's focus was on developing a tree farm for his children or the next generation.  Petitioners did not produce any documentary evidence supporting the deductions claimed on their Schedules F.

Petitioners, in connection with their professional employment as teachers, paid union dues and purchased equipment and teaching aids.  Petitioners claimed employee business expenses on Schedule A of their 1992 and 1993 returns in the respective amounts of $3,691.42 and $4,605.  At trial, petitioners offered documentary evidence which corroborated amounts that were substantially less than those claimed on their 1992 and 1993 returns.

Petitioners claimed contributions to charity by cash or check in 1991, 1992, and 1993 in the respective amounts of $3,530, $3,470, and $3,160.  At trial, petitioners presented documentary evidence substantiating $10 and $25 of contributions for 1992 and 1993, respectively, and no documentary evidence was presented for 1991.  Petitioner contended that he and his wife tithed at a 10-percent rate during the years in question, which would have resulted in contributions of $8,000 in each year under consideration.  He offered the explanation that he claimed only about $3,000 in each year because larger claims might have

triggered an audit by the Internal Revenue Service.  Petitioner did not go to church very often, but his wife and daughter attended regularly.

OPINION

Respondent determined that petitioners failed to substantiate their farm or Schedule F deductions for the 1991 taxable year.  For 1992 and 1993, respondent also determined that petitioners failed to substantiate farm or Schedule F deductions and that they failed to show that the farming activity was a trade or business entered into for profit and that the expenses were ordinary and necessary.  The evidence in this record reveals that petitioners held and used the land with a dual purpose. They leased a substantial portion of their farm to an individual for farming purposes and had a secondary purpose to hold and manage the property for investment purposes and the eventual benefit of their children.  We do not find that petitioners were in the business of growing trees for a profit as they contended.

Of the $30,340, $52,400, and $48,273 of claimed farming expenditures for 1991, 1992, and 1993, respectively, the largest portions were claimed for travel by car and truck.  As an example, for 1993 petitioners claimed $22,693 for car and truck expenses and $21,000 for travel,[4] or $43,693 of the $48,273 total

---

[4] If we accepted that petitioner traveled a 300-mile round trip three times per week, then his cost per mile for 1993 would have approximated $.045 per mile--($21,000 divided by (50 weeks x 3 x 300)).

claimed.  Meals expenses at $3,900 was the next largest item claimed on Schedule F for 1993, leaving $1,500 for repairs, maintenance, and supplies accounting for the balance.  The 1991 and 1992 Schedules F are substantially similar in amount and proportion.

Petitioners failed to substantiate the car and truck or meals expenses claimed, and accordingly it is not necessary to give them further consideration.  Petitioner contended that the travel was for about three weekly 300-mile round trips from the location of his employment as a teacher to the farm, where his wife generally resided.  Petitioner contended that those trips were to work on his tree-farming activity.

Section 162(a) allows a deduction for "ordinary and necessary" expenses paid or incurred during the taxable year in carrying on a trade or business.  Sanford v. Commissioner, 50 T.C. 823, 826 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).  An ordinary and necessary expense is one that is appropriate and helpful to the taxpayer's business and that results from an activity which is a common and accepted practice. Boser v. Commissioner, 77 T.C. 1124, 1132 (1981).

Deductions are a matter of legislative grace, and petitioners bear the burden of proving that they are entitled to the deductions claimed.  Rule 142(a); INDOPCO, Inc.  v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934).  Taxpayers must keep sufficient

records to establish the amount of their deductions.  Sec. 6001. Under certain circumstances, when taxpayers establish that they incurred a trade or business expense but do not substantiate the amount of the expense, the Court may estimate the amount of the deductible expense.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  The estimate must, however, have some reasonable evidentiary basis.  Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).  In estimating the amount deductible, the Court considers that taxpayers' inexactitude is of their own making.  Cohan v. Commissioner, supra at 544.

Initially, we do not accept petitioners's testimony that he was engaged in any profit-seeking activity concerning the growing of trees.  Secondly, we cannot find that petitioner's travel was ordinary or necessary in connection with either his leasing activity or investment goals.  Simply, the travel was for petitioner's personal convenience to be with his family.

We have found, however, that petitioners repaired and maintained the farm property in connection with their leasing activity and, based on the record, find that they are entitled to a total deduction of $1,500 in Schedule F expenses for each of the 3 taxable years.

Petitioner's testimony regarding the claimed contribution deductions was generally not credible and was uncorroborated. However, we find that petitioner Irene E. Ward did regularly make cash contributions upon her visits to church.  Relying on Cohan

v. Commissioner, supra at 543-544, we find that petitioners are entitled to $500 in contributions for each of the 3 taxable years.

Petitioners purchased supplies, teaching aides, and computer items in connection with their teaching activity.  In addition, petitioners had expenditures for the maintenance of their computers.  To some extent, the computers were used for personal purposes.  At trial, petitioners provided some documentation of their expenditures concerning their employee business expenses. The amounts documented were less than one-half of the amounts claimed for 1992 and 1993.  However, some of the documentation for one year provided a basis for allowance of a similar amount in the other year.  For example, petitioners provided substantiation of $771.92 for union dues in 1993, and respondent conceded that amount.

The claimed deductions relating to computers are subject to the more rigorous requirements of section 274(d) because they are "listed property" as described in section 274(d)(4) and listed in section 280F(d)(4)(A)(iv).  See also sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  In that regard, petitioners provided specific proof of computer expenditures during 1992 and 1993 in the amounts of $1,224.40 and $1,668.93.  Taking into consideration personal use, we hold that petitioners are entitled to employee computer-related business

expenses for 1992 and 1993 in the amounts of $612.20 and $834.47, respectively.

Regarding the remainder of the deduction for employment-related expenditures, we have taken into consideration the totality of the circumstances, including payments in one year that would likely have been paid in other years in connection with their teaching activities.  Accordingly, and relying on Cohan v. Commissioner, supra at 543-544, we find that petitioners are entitled to $1,000[5] of employee business expenses, in addition to the amounts allowed in connection with the computers, all of which are subject to any computational limitations for each of the taxable years 1992 and 1993.

Respondent determined an accuracy-related penalty due to negligence under section 6662(a) for petitioners' 1992 and 1993 taxable years.  The accuracy-related penalty is equal to 20 percent of any portion of an underpayment attributable to a taxpayer's negligence or disregard of rules or regulations.  Sec. 6662(a) and (b)(1).  The term "negligence" includes any failure to do what a reasonable and ordinarily prudent person would do under the same circumstances.  Neely v. Commissioner, 85 T.C. 934, 947 (1985).  The term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).  The penalty does not apply to any portion of an underpayment for which there

---

[5] This amount includes the $771.92 documentation of union dues that respondent conceded for 1993.

was reasonable cause and with respect to which the taxpayer acted in good faith.  Sec. 6664(c).  Petitioners bear the burden of showing that they were not negligent.  Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972).

Petitioners have stated that they did not intentionally omit interest income and State tax refunds.  Petitioners, however, did omit interest income in 2 different years and also conceded that respondent correctly disallowed all of the medical expense deductions claimed for each of the 3 years.  More significantly, petitioners were substantially without supporting documentation for most of the items claimed on Schedules A and F of each of their 1992 and 1993 income tax returns.  In addition, the manner in which petitioner estimated the amount deductible reflected a huge exaggeration.  Under these circumstances, we cannot find that petitioners acted with reasonable cause or in good faith.  Accordingly, petitioners are liable for the accuracy-related penalty attributable to negligence for the entire underpayment for the taxable years 1992 and 1993.

To reflect the foregoing and considering concessions of the parties,

Decisions will be entered

under Rule 155.